# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF WEST VIRGINIA

**Cheryl Dean Riley**  OFFICE OF THE CLERK OF COURT  **Michelle Widmer-Eby**
**Clerk of Court**  POST OFFICE BOX 471  **Chief Deputy Clerk**
  WHEELING, WEST VIRGINIA 26003
  (304) 232-0011
  Facsimile (304) 233-2185

September 29, 2021

Via CM/ECF
Nationwide Mutual Insurance Company and
Nationwide Mutual Fire Insurance Company
c/o Joseph L. Caltrider
Bowles, Rice, McDavid, Graff & Love, LLP - Martinsburg
PO Drawer 1419
Martinsburg, WV 25401
and
Michael D. Lorensen
Bowles, Rice, McDavid, Graff & Love, LLP - Martinsburg
PO Drawer 1419
Martinsburg, WV 25401

Via U.S. Mail
William Warren Taltavull, III
116 Putnam Court
Harpers Ferry, WV 25425

Via U.S. Mail
Thomas Joseph Kisner
60 Dogwood Manor Drive
Shenandoah Junction, WV 25442

Via U.S. Mail
Jessica Lynn Irwin
16 Churchtown Road
Pennsville, NJ 08070

Via U.S. Mail
Valerie Ann Cahill
16 Churchtown Road
Pennsville, NJ 08070

      In Re: Nationwide Mutual Insurance Company, et al. v. William Warren Taltavull, III, et al.
          Civil Action No.   3:12-cv-27

Dear Nationwide Mutual Insurance Company, Nationwide Mutual Fire Insurance Company, William Warren Taltavull, III, Thomas Joseph Kisner, Jessica Lynn Irwin, and Valerie Ann Cahill,

    I have been contacted by Chief Judge, Gina M. Groh, who presided over the above-mentioned case. Judge Groh informed me that it has been brought to her attention that while she presided over the case, her husband owned stock in Nationwide. Her husband's ownership of stock neither affected nor impacted her decisions in this case, which was terminated after settlement upon entry of a Notice of Voluntary Dismissal with no orders issued by Judge Groh.   However, her husband's stock ownership would have required recusal under the Code of Conduct for United States Judges, and thus, Judge Groh directed that I notify the parties of the conflict.

    Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A]judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

    Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified." With Advisory Opinion 71 in mind, you are invited to respond

500 West Pike Street, Room 301      P.O. Box 1518      217 W. King Street, Room 102
Clarksburg, WV 26302            Elkins, WV 26241         Martinsburg, WV 25401
(304) 622-8513                   (304) 636-1445             (304) 267-8225

to Judge Groh's disclosure of a conflict in this case. Should you wish to respond, please submit your response in writing by filing it on the docket of this case on or before **October 13, 2021**.   Any response will be considered by another judge of this court without the participation of Judge Groh.

                Sincerely,

                Cheryl Dean Riley,
                Clerk of Court

500 West Pike Street, Room 301      P.O. Box 1518      217 W. King Street, Room 102
Clarksburg, WV 26302      Elkins, WV 26241      Martinsburg, WV 25401
(304) 622-8513      (304) 636-1445      (304) 267-8225